**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| GIBSON, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DiMARZIO, INC., a New York corporation, and<br><br>DOES 1 through 10,<br><br>Defendants. | Civil Action<br><br>No. 6:25-cv-00424<br><br>(*Filed Electronically*) |

**DEFENDANT, DiMARZIO, INC.'s MOTION TO TRANSFER VENUE TO EASTERN DISTRICT OF NEW YORK**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .... 1

II. FACTS .... 1

LEGAL STANDARD FOR TRANSFER OF VENUE .... 3

THE COURT SHOULD ORDER A TRANSFER OF VENUE TO EASTERN DISTRICT OF NEW YORK BECAUSE IT IS CLEARLY MORE CONVENIENT. .... 4

A This Case Could Have Properly Been Brought in the Eastern District of New York .... 4

B The Private Interest Factors Favor Transfer to the Eastern District of New York .... 5

i. Venue Should Be Transferred Because the Witnesses Are Located In New York. .... 5

ii. The Relevant Sources of Proof Are in the Eastern District of New York .... 7

iii. The Compulsory-Process Factor Weighs In Favor of Transfer to Eastern District of New York. .... 8

iv. There Are No Other Practical Problems Associated With Trying This Case That Would Result From Transferring Venue to Eastern District of New York. .... 8

C The Public Interest Factors Strongly Favor Transfer .... 9

i. New York Has a Strong Local Interest In This Matter .... 9

ii. Administrative Difficulties Flowing from Court Congestion Favor Transfer .... 10

iii. The Remaining Public-Interest Factors Are Neutral .... 10

CONCLUSION .... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

In re Acer Am. Corp.,
626 F.3d 1252 (Fed. Cir. 2010)....................9

In re Adobe Inc.,
823 F. App'x 929 (Fed. Cir. 2020)....................10

In re Apple Inc.,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022)....................10

In re Apple,
979 F.3d 1332 (Fed. Cir. 2020)....................7

CloudofChange, LLC v. NCR Corp.,
No. 6:19-CV-00513, 2020 WL 6439178 (W.D. Tex. Mar. 17, 2020)....................7

In re Genentech,
566 F.3d 1338 (Fed. Cir. 2009)....................5, 7, 10

GeoTag, Inc. v. Starbucks Corp.,
No. 2:10-CV-572, 2013 WL 890484 (E.D. Tex. Jan. 14, 2013)....................9

In re Google LLC,
No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)....................7

In re Hoffmann-La Roche Inc.,
587 F.3d 1333 (Fed. Cir. 2009)....................8, 9

In re Hulu,
No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021)....................7

In re Juniper Networks, Inc.,
No. 2021-156, 2021 WL 4519889 (Fed. Cir. Oct. 4, 2021)....................7

In re Nintendo Co.,
589 F.3d 1194 (Fed. Cir. 2009)....................11

In re Pandora Media, LLC,
No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)....................5

Parity Networks, LLC v. Juniper Networks, Inc.,
No. 6:17-CV-495-KNM, 2018 WL 9539505 (E.D. Tex. Aug. 10, 2018)....................7

Smart Mobile Techs. LLC v. Apple Inc.,
No. W-21-CV-00603-ADA, 2023 WL 5540152 (W.D. Tex. Aug. 28, 2023)....6

In re Toyota Motor Corp.,
747 F.3d 1338 (Fed. Cir. 2014)....4

In re Volkswagen AG,
371 F.3d 201 (5th Cir. 2004)....4, 8, 10

In re Volkswagen of Am., Inc.,
545 F.3d 304 (5th Cir. 2008)....*passim*

**Statutes**

28 U.S.C. § 1391 (b)....4

28 U.S.C. § 1391(c)....4

28 U.S.C. § 1404(a)....1, 3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)....8

## I. PRELIMINARY STATEMENT

In this trademark cancellation case, Gibson, Inc. ("Gibson"), a Delaware corporation with minimal ties with Texas, has sued DiMarzio, Inc., ("DiMarzio") a New York corporation regarding products that were designed, manufactured and trademarked in New York. Because most witnesses and all available evidence are in New York, it is without question that the Western District of Texas is not a convenient forum for this dispute. However, the Eastern District of New York is a far more convenient forum for this matter, and DiMarzio respectfully requests that the Court transfers the case there.

DiMarzio's headquarters has been in Staten Island, New York for 50 years, which is located in the Eastern District of New York. The DiMarzio product at issue was designed, invented, produced, manufactured and marketed in New York. The trademark applications that Gibson incorrectly argues were "fraudulently," trademarked, were prepared and signed in New York by individuals who resided and worked in New York. All of DiMarzio's anticipated party and/or non-party witnesses live or work in New York. Any available relevant documents and physical evidence pertinent to this matter are all located in New York. DiMarzio's computer servers that house electronic data are located solely in New York. Conversely, none of the witnesses, documentary materials or physical evidence are in Texas. Nothing of relevance to this dispute is in Texas. Gibson is not a Texas corporation, and its witnesses are not in Texas. This case simply has no real nexus with Texas. Because no anticipated witnesses or evidence in this case are in Texas, but rather the majority are in New York, the Eastern District of New York is clearly a more proper and convenient venue for this matter to be tried. Thus, pursuant to 28 U.S.C. § 1404(a), DiMarzio requests the Court transfer the venue of this case to the Eastern District of New York.

## II. FACTS

DiMarzio's headquarters have been located in Staten Island, New York for more than fifty years. (See, Declaration of L. DiMarzio at ¶¶5, 7). The current and past employees of DiMarzio that have knowledge and/or information pertaining to DiMarzio's business and DiMarzio's trademarks, all reside and/or work in Staten Island, New York and the surrounding areas. (Id. at ¶9). Stephanie Wranovics who lives close to the Court in the Eastern District of New York, is an employee of DiMarzio in Staten Island, New York with knowledge of the issues in this matter. (See, Declaration of S. Wranovics, ¶¶3-10). Her partner has leukemia, and she is his primary caregiver and as result she cannot travel. (Id. at ¶11). Anna Martin, a Staten Island resident, has is an employee of DiMarzio with knowledge of the issues in this matter. (See Declaration of A. Martin, ¶3-4, 6, 8, 9 & 10) (Dec. of L. DiMarzio ¶17). Eric Corpus, a New York City resident, is has been employed with DiMarzio for 38 years and has knowledge of the issues in this matter.. (See, Declaration of E. Corpus, at ¶¶3,5, 6, 9). Louis Butera, a 71-year-old New York City resident, has worked for DiMarzio in Staten Island for nearly 50 years and has knowledge of the issues in this matter. (See, Declaration of L. Butera, at ¶¶3,5, 9, 10). Steve Blucher who was involved in the trademark applications, is a 77 year-old New York City resident and former Vice President and product designer who began working with DiMarzio 50 years ago. (See, Declaration of S. Blucher at ¶¶3,4, 9, 10). Due to his wife's current health condition and the fact that he is a primary caregiver, he cannot travel. (Id. at ¶11). Greg DiBenedetto, a former publisher of well-known guitar publications with knowledge of advertising and editorial content pertaining to DiMarzio and Gibson, resides in New York. (See, Declaration of G. DiBenedetto at ¶3-8, 10).

Gibson "is a Delaware corporation with a principal place of business at 209 10th Avenue South, Nashville, TN 37223." (Plaintiff's Complaint, Dkt. 1, ¶4). Plaintiff issued Rule 26 Initial Disclosures in a near identical trademark cancellation action it filed against DiMarzio before the

Trademark Trial and Appeal Board ("TTAB"), which lists Gibson's witnesses. (See, Declaration of A. Nikolopoulos, ¶3). Four out of these six party witnesses appear to reside in the Nashville, Tennessee area while none are in Texas. (Id. at ¶4). In addition, Plaintiff disclosed two non-party witnesses, neither of whom are remotely close to Texas. (Id. at ¶5).

DiMarzio's headquarters, evidence and majority of employees/witnesses are approximately 1,500 miles away from Waco, Texas. (See, Declaration of A. Nikopolous, ¶8). In order to attend trial in Waco, Texas, DiMarzio's witnesses (other than Mr. DiMarzio) would require a four-hour flight from New York to Dallas, in addition to a one-and-a-half-hour drive from Dallas to Waco, Texas. (Id. at ¶9). In addition, most of Gibson's witnesses would have roughly similar travel time to the Court in New York, as compared with traveling to Court in the Western District of Texas. Id. at ¶¶9-13).

This case is at its inception, as it was filed less than one month ago without any other events of significance having taken place. (Plaintiff's Complaint, Dkt. 1). According to uscourts.gov, the number of pending matters and time to disposition of cases in the Western District of Texas are similar to Eastern District of New York. The average time to disposition was 6.4 months. (Id. at ¶¶15 &16).

**LEGAL STANDARD FOR TRANSFER OF VENUE**

A court may grant a motion to transfer "[f]or the convenience of parties and witnesses" and "in the interest of justice . . . ." 28 U.S.C. § 1404(a). A "preliminary question" is whether a civil action "might have been brought" in the judicial district to which a transfer is sought. In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008). Upon satisfaction of this threshold question, courts will analyze the private and public interest factors to determine whether a transfer

should be ordered in the interests of justice. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). The private interest factors are:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and,
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

The public interest factors are:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and,
(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Ibid. (collectively, the "Volkswagen factors").

The transferee venue need only be "clearly more convenient," not "far more convenient," for transfer to be appropriate. In re Toyota Motor Corp., 747 F.3d 1338, 1341 (Fed. Cir. 2014).

**THE COURT SHOULD ORDER A TRANSFER OF VENUE TO EASTERN DISTRICT OF NEW YORK BECAUSE IT IS CLEARLY MORE CONVENIENT.**

**A This Case Could Have Properly Been Brought in the Eastern District of New York**

Pursuant to 28 U.S.C. §1391 (b) proper venue of trademark cancellation and business tort actions fall may be brought in the district where the defendant resides or where a substantial part of the events occurred. For corporations, 28 U.S.C. § 1391(c) also allows suit to be filed in any district where they are subject to personal jurisdiction. DiMarzio was incorporated in New York and has continually maintained its principal place of business in Staten Island, New York which is within the Eastern District of New York. Most of its witnesses and all of its evidence are in New York. The alleged conduct at issue all took place in New York. Thus, this suit could and properly should have been filed in Eastern District of New York.

### B The Private Interest Factors Favor Transfer to the Eastern District of New York

DiMarzio's witnesses, evidence and documents are primarily located in the Eastern District of New York. Conversely, none of DiMarzio's witnesses or relevant documents are in the Western District of Texas. It is believed that Gibson has no witnesses or evidence in the Western District of Texas. This matter is at a preliminary stage without any substantive proceedings having taken place in the Eastern District of Texas. Thus, the "private interest" factors all weigh heavily in favor of transferring venue to the Eastern District of New York.

#### i. Venue Should Be Transferred Because the Witnesses Are Located In New York.

The most significant factor analyzed by courts in determining whether transfer is appropriate, is the convenience of the witnesses. In re Genentech, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Convenience "is an important consideration for both party witnesses and non-party witnesses." In re Pandora Media, LLC, No. 2021-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021). Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." Volkswagen, 371 F.3d at 204–05. Because substantially all of DiMarzio's witnesses and relevant evidence are located in New York, and no witnesses or evidence are located in Texas, this factor strongly favors transfer to the Eastern District of New York.

The Eastern District of New York is clearly more convenient for all of DiMarzio's witnesses, because they all live and/or work in New York. DiMarzio has provided numerous declarations from DiMarzio witnesses who were involved in the design, trademark registration/enforcement of the trademarks, licensing, promotion, marketing, advertising and sales of the product at issue, who all live or work in New York or its vicinity. (See, Declarations of L.

DiMarzio, A. Martin, E. Corpus, S. Blucher, L. Butera., and G. DiBenedetto). None live or work in Texas. The vast majority of DiMarzio's witnesses reside within driving distance from the Court in the Eastern District. If they attend Court in Texas, it would require many hours of travel by air and car. If the matter were transferred to Eastern District of New York, Gibson's witnesses would have a similar travel duration to New York as compared with the Western District of Texas.

It should be noted that some of DiMarzio's witnesses are over the age of seventy (70). These witnesses' driving-distance proximity to the court within the Eastern District of New York makes travel relatively convenient, while a trial of this matter in the Western District of Texas may cause them hardship due to more burdensome travel. Significantly, two of DiMarzio's witnesses are presently unable to travel at all, due to obligations as primary caregivers for seriously ill partners or spouses. A trial in the Eastern District of New York would not require DiMarzio's witnesses having to incur meal or lodging costs (especially in the case of the retiree witness), or to be "away from their homes and families for an extended period of time." Smart Mobile Techs. LLC v. Apple Inc., No. W-21-CV-00603-ADA, 2023 WL 5540152, at *3 (W.D. Tex. Aug. 28, 2023). In contrast, given the travel noted above, any of DiMarzio's witnesses traveling to Waco, Texas would have to be away from home, family, and work, for a week or more.

It is apparent that the inconvenience of a trial in the Western District of Texas, as opposed to the Eastern District of New York, to DiMarzio's witnesses is, as the Fifth Circuit put it, "obvious." As noted in Volkswagen:

"[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."
Volkswagen, 545 F.3d at 317.

By contrast, there are no relevant witnesses for whom trial in the Western District of Texas would be more convenient. No Gibson or DiMarzio witnesses with relevant knowledge are located

in Texas. Where, as here, "there are several potential witnesses in the" Eastern District of New York "and none in the Western District of Texas," transfer is strongly favored. In re Google LLC, No. 2021-171, 2021 WL 4592280, at *4 (Fed. Cir. Oct. 6, 2021); see also, e.g., In re Juniper Networks, Inc., No. 2021-156, 2021 WL 4519889, at *2 (Fed. Cir. Oct. 4, 2021) (holding this factor weighs "strongly in favor of transfer" where most of defendant's potential employee witnesses lived or worked in a different district, and the plaintiff identified no witnesses in the Western District of Texas); In re Hulu, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) (holding that an "overwhelming number of potential witnesses" from defendant "in or near" the transferee district pushes this factor in favor of transfer). Because DiMarzio has identified numerous relevant witnesses in the Eastern District of New York, whereas there are no witnesses in the Western District of Texas, the witness-convenience factor strongly favors transfer.

**ii. The Relevant Sources of Proof Are in the Eastern District of New York**

The next Volkswagen factor, the location of sources of proof, also strongly favors transfer. "This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence . . ." In re Apple, 979 F.3d 1332, 1339. Ordinarily, "the place where the defendant's documents are kept weighs in favor of transfer to that location." In re Genentech, 566 F.3d 1338, 1345 (internal quotations and citation omitted). Although new technology has facilitated the ease of transferring electronic files, "precedent dictates the Court consider where sources of proof are physically located." CloudofChange, LLC v. NCR Corp., No. 6:19-CV-00513, 2020 WL 6439178, at *3 n.2 (W.D. Tex. Mar. 17, 2020); see also Volkswagen, 545 F.3d at 316.

Here, the entirety of DiMarzio's documentary evidence is in New York. Moreover, DiMarzio's computer systems are in New York. Parity Networks, LLC v. Juniper Networks, Inc., No. 6:17-CV-495-KNM, 2018 WL 9539505, at *2 (E.D. Tex. Aug. 10, 2018) (concluding the

sources-of-proof factor favors transfer where "specific sources of proof," were located elsewhere). There is also extensive physical evidence located at DiMarzio's Staten Island warehouse. While the vast majority, if not all evidence is in New York, no such evidence is located within the Western District of Texas. Thus, the access-to-proof factor weighs heavily in favor of transfer to the Eastern District of New York.

**iii. The Compulsory-Process Factor Weighs In Favor of Transfer to Eastern District of New York.**

Transfer is favored when the transferee court has subpoena power over a greater number of third-party witnesses. In re Hoffmann-La Roche Inc., 587 F.3d 1333, 1337–38 (Fed. Cir. 2009); Volkswagen, 545 F.3d at 316–17. Under Fed. R. Civ. P. 45(c)(1), a subpoena may be issued to compel a person to testify at a deposition or at trial, if the deposition or trial is "within the state" or "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1).

DiMarzio is not aware of any non-party witnesses in Texas. DiMarzio believes it will rely on the testimony of non-party witness Greg DiBenedetto, who was a publisher for major consumer guitar periodicals and is in New York City - well within the subpoena power of the Eastern District of New York. Thus, transfer is favored under this factor.

**iv. There Are No Other Practical Problems Associated With Trying This Case That Would Result From Transferring Venue to Eastern District of New York.**

There are no "other practical problems" known that in this case that would make trial more "easy, expeditious and inexpensive" in the Westen District of Texas as opposed to the Eastern District of New York. Volkswagen, 371 F.3d at 203. The Court does not have any special knowledge of the issues herein, that would cause the trial of this matter to be more "expeditious and inexpensive" in the Western District of Texas. Volkswagen, 371 F.3d at 203. In addition, this

matter is in its infancy. There have not been any substantive proceedings. An initial conference has not been scheduled. For these reasons, the other-practical-problems factor is neutral.

**C The Public Interest Factors Strongly Favor Transfer**

The Eastern District of New York has a strong local interest in this case because DiMarzio was incorporated in New York, and its corporate headquarters are located therein. Also, Gibson's complaint, accuses DiMarzio's employees who live and/or work in New York of having engaged in "wrongful attempts to use fraudulently obtained trademark registrations. . ." All of the alleged conduct at issue occurred in New York. As this matter unfolds, by the testimony of DiMarzio's witnesses who are in or near New York, and by reliance on evidence solely located in New York, DiMarzio believes it will refute the allegations of "fraud" set forth in Gibson's complaint. Thus, New York has a strong local interest in this matter. Aside from that, the remaining public interest factors are neutral or should be given little weight, such that the public interest factors under Volkswagen favor transfer.

**i. New York Has a Strong Local Interest In This Matter**

In evaluating the local-interest factor, "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." In re Acer Am. Corp., 626 F.3d 1252, 1256 (Fed. Cir. 2010). Here, as set forth above, the DiMarzio employees accused of having engaged in "fraud" in obtaining a trademark approximately almost fifty years ago all work and/or reside in New York. Gibson's claims thus "call into question the reputation of individuals that work in the [New York] community." GeoTag, Inc. v. Starbucks Corp., No. 2:10-CV-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013) (citing In re Hoffmann-La Roche, 587 F.3d at 1338). Further the allegedly fraudulent conduct, in addition to the development, production, manufacturing, marketing and sale of the products and

use of the marks all took place in New York. The local-interest factor therefore favors transfer to the Eastern District of New York. See In re Apple Inc., No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022).

Texas has no local interest in this matter whatsoever because none of the alleged actions at issue in this lawsuit occurred in Texas. There are no witnesses or documents relevant to this matter located in Texas. This case has no meaningful nexus with Texas. For these reasons, there is no local interest in having this case decided in Texas.

**ii. Administrative Difficulties Flowing from Court Congestion Favor Transfer**

The Fifth Circuit deems the court-congestion factor "to be the most speculative" of the transfer factors and that when "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." In re Genentech, 566 F.3d at 1347 (citation omitted). Further, where a court does consider court congestion in deciding a transfer motion, it must do so based on past data rather than anticipated schedules. In re Adobe Inc., 823 F. App'x 929, 932 (Fed. Cir. 2020).

Here, the Eastern District of New York and the Western District of Texas have disposed of cases on a roughly equal timeline. There is no evidence that one district is more congested with more cases than the other. Based on the statistics, there is nothing to suggest that administrative difficulties would result if the matter is transferred.

**iii. The Remaining Public-Interest Factors Are Neutral**

The other two public-interest factors—familiarity with the governing law and avoiding conflict-of-law problems—are neutral. See Volkswagen, 371 F.3d at 203. Both districts are frequently handle and are adept at analyzing issues of law involving intellectual property. In

addition, this case does not involve any conflict of law. Thus, these two remaining public interest factors are neutral.

## CONCLUSION

The Eastern District of New York is a clearly more convenient venue than the Western District of Texas, wherein to litigate and try this case. The vast majority of the relevant witnesses and sources of proof are in or around the Eastern District of New York. Conversely, there is no real connection between this case and the Western District of Texas, aside from Gibson's gamesmanship by selecting it as the initial venue. As this case "feature[es] most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff," In re Nintendo Co., 589 F.3d 1194, 1198 (Fed. Cir. 2009), DiMarzio requests the Court grant its request for relief, and issue an Order transferring this matter to the Eastern District of New York.

Date: October 24, 2025 Respectfully submitted,

By: /s/ Andy Nikolopoulos

Andy Nikolopoulos
Texas Bar No. 24044852
SDTX No. 1822095
**FOX ROTHSCHILD LLP**
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
972/991-0889
972/404-0516 (Fax)
anikolopoulos@foxrothschild.com

Ronald S. Bienstock
*Pro Hac Vice Admission Forthcoming*
Mark S. Hanna
*Pro Hac Vice Admission Forthcoming*
Zachary E. Klein
*Pro Hac Vice Admission Forthcoming*
**FOX ROTHSCHILD LLP**

49 Market Street
Morristown, NJ 07960
T: 973.992.4800
F: 973.992.9125
rbienstock@foxrothschild.com
mhanna@foxrothschild.com
zklein@foxrothschild.com

*Attorneys for Defendant*

**CERTIFICATE OF CONFERENCE**

I certify that on October 23, 2025 counsel for Defendant DiMarzio, Inc. conferred with counsel for Plaintiff Gibson, Inc. regarding the foregoing Motion to Transfer. Plaintiff's counsel stated that Gibson, Inc. will oppose DiMarzio, Inc's motion to transfer this case from the Western District of Texas to the Eastern District of New York. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Date: October 24, 2025 /s/ Andy Nikolopoulos